**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 15-cv-692 (APM) |
| v. | ) | |
| | ) | |
| U.S. DEPARTMENT OF STATE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY
PENDING RESOLUTION OF MOTION FOR DESIGNATION
OF COORDINATING JUDGE**

Plaintiff Judicial Watch, Inc., by and through counsel, respectfully submits this opposition to Defendant's motion to stay. As grounds therefor, Plaintiff states as follows:

**MEMORANDUM OF LAW**

I.    **Introduction.**

Defendant seeks the extraordinary relief of an indefinite stay in order to complete its review of one month of former Secretary of State Hillary Clinton's emails, which constitute approximately 600 emails. Defendant failed to meet and confer with Plaintiff prior to filing its motion. It also failed to provide any evidence demonstrating how proceeding in this case will affect, adversely or otherwise, the other Freedom of Information Act ("FOIA") cases in which these same 600 emails might be at issue. Further, the relief Defendant seeks in its miscellaneous action for a "coordinating judge" is unlikely to succeed. As a result, Defendant's motion must be denied.[1]

---

[1]    Plaintiff's Complaint challenges Defendant's response to two separate FOIA requests. Defendant's motion concerns only the first request. Accordingly, in the unlikely event the Court might consider a stay, it would only be a partial stay of that portion of the litigation concerning the first request.

## II.      Factual Background.

Plaintiff's first request, also referred to as "Request No. 1," seeks Mrs. Clinton's emails about the September 11, 2012 attack on the U.S. Consulate in Benghazi, Libya from September 11, 2012 to January 31, 2013.[2]  *See* Compl. at ¶ 5.  Because the U.S. House Select Committee on Benghazi previously requested all of Mrs. Clinton's emails about Benghazi from January 1, 2011 to December 31, 2012,[3] Defendant's initial search of the 55,000 pages of emails produced by Mrs. Clinton in response to the Select Committee's request covers Request No. 1 through December 31, 2012.  Plaintiff's request extends through the end of Mrs. Clinton's tenure as Secretary of State on February 1, 2013.  Therefore, the only remaining emails to be searched and processed from the emails produced by Mrs. Clinton are for a one month period only – January 1, 2013 to January 31, 2013.  These records consist of approximately 600 emails.  *See* Second Joint Status Report, filed July 29, 2015 (ECF No. 11) ("Joint Status Report"), at 7.

## III.     Defendant Failed to Meet and Confer.

On July 31, 2015, the Court ordered the parties to confer and "provide an update to the court on their efforts to resolve Plaintiff's concerns regarding the scope of Defendant's search and efforts to preserve responsive federal records in connection with" Request No. 1.  7/31/15 Minute Order, subpart (2).  Since the Court issued its July 31, 2015 order, Defendant has made no meaningful effort to confer about the items addressed in the order or the relief it seeks in its motion to stay.

---

[2]      The second FOIA request seeks communications between Defendant and members of Congress and/or their staff about Secretary Clinton's use of non-"state.gov" email account(s) (also referred to as "Request No. 2.") from June 1, 2014 to the present.  *See* Compl. at ¶ 8.  Defendant's first production of non-exempt records responsive to Request No. 2 is due September 30, 2015.

[3]      *See* Subpoena to Hillary Rodham Clinton, dated March 13, 2015, attached as Exhibit 1.

Local Rule 7(m) requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel ***in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement***." LCvR 7(m) (emphasis added).  Prior to filing the motion for a stay, Defendant's counsel sent an email to all Judicial Watch attorneys assigned to FOIA cases between Plaintiff and Defendant.  The email stated, in pertinent part:

> [T]he Department will be filing a motion in each of the above-listed cases seeking a stay of those portions of each case addressing the documents provided to the Department by former Secretary Clinton and the other former employees until the coordination motion is decided, and, if it is granted, until the coordinating judge issues an order determining how to proceed in the cases listed in that motion. The stay sought would not affect those portions of the cases that deal with the search and production of other documents.

*See* September 1, 2015 Email from Robert Prince, attached as Exhibit 2.

It is evident from the entire email chain, attached as Exhibit 3, that the parties never met and conferred on the motion to stay Defendant filed in this particular case or how Defendant's "coordination motion" would affect this particular case, if at all.  Defendant only purported to meet and confer on its "coordination motion," and even then did not engage in any meaningful discussion with Plaintiff about that motion.  In response, Plaintiff not only sought to understand Defendant's proposed "coordination motion," but also offered to meet and discuss how Defendant's search and production efforts could be prioritized, among other issues.  *See* Exhibit 3.  Defendant filed its "coordination motion" that same day without responding.  *Id.*  Defendant's counsel later asserted that they "forgot" to send a response and apologized.  *Id.*  Defendant's apology regarding the "coordination motion" notwithstanding, Defendant plainly failed to satisfy Local Rule 7(m) with regard to the instant motion to stay.

**IV.    Defendant's "Coordination Motion" Is Unlikely To Succeed.**

The purported basis for the motion to stay is the "coordination motion" Defendant filed on September 2, 2015.  On that date, Defendant initiated a "miscellaneous action," seeking to have the Chief Judge order "17 different district judges" to transfer "more than 30 FOIA lawsuits," including 16 lawsuits filed by Judicial Watch, to a "coordinating judge" at least for a period of time.[4]  *See* United States Department of State's Motion for Designation of Coordinating Judge and Memorandum in Support at 15, *In Re U.S. Dep't of State FOIA Litigation Regarding Emails of Certain Former Officials*, Case No. 15-mc-01188 (D.D.C.).  Regardless of how Defendant describes it, this "miscellaneous action" is a new lawsuit.  It suffers from numerous fatal flaws, not the least of which is Defendant's failure to identify any basis for the District Court's subject matter jurisdiction or demonstrate why the relief it seeks is properly the subject of a miscellaneous action.  Defendant also has failed to identify any basis for the District Court to assert personal jurisdiction over respondents – the FOIA requestors who have bought the lawsuits in question.  There plainly has been no service of process, and mere notice of an action is no substitute for proper service of process.  *See, e.g.*, *Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Ibiza Business Ltd. v. United States*, 2010 U.S. Dist. LEXIS 70903 (D.D.C. July 8, 2010) (RCL) (denying motion for default judgment in miscellaneous action due to insufficiency of service of process).  Defendant also failed to join at least 16 indispensable parties, namely the district judges against whom they seek relief.[5]

---

[4]        By Plaintiff's count, Defendant's new miscellaneous action references 32 lawsuits before 16 different judges.
[5]        On September 10, 2015, the Hon. Richard J. Leon denied Defendant's same motion to stay in one of the "more than 30 FOIA lawsuits."  *See* Minute Order, *Joseph v. U.S. Dep't of State*, Case No. 14-1896 (D.D.C.) (RJL) (Sept. 10, 2015).

Most fatal of all, however, is the complete absence of any substantive legal basis for Defendant's claim.[6]  One district judge cannot order another district judge to take action in a case pending before that judge.  *Klayman v. Kollar-Kotelly*, 2013 U.S. App. LEXIS 10148 (D.C. Cir. May 20, 2013), *reh'g denied* 2013 U.S. App. LEXIS 16769 (D.C. Cir. Aug. 12, 2013), *reh'g en banc denied* 2013 U.S. App. LEXIS 16770 (D.C. Cir. Aug. 12, 2013); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995); *Jones v. Supreme Court of the United States*, 405 Fed. Appx. 508 (D.C. Cir. 2010) (per curium); *Prentice v. United States District Court*, 307 Fed. Appx. 460 (D.C. Cir. 2008) (per curium); *Adams v. United States District Court*, 2014 U.S. Dist. LEXIS 151044 (D.D.C. Oct. 23, 2014) (ABJ); *Mason v. Kahn* 2008 U.S. Dist. LEXIS 50258 at *1 (D.D.C. June 30, 2008).  Not only does a district judge lack such power, but the District Court lacks subject matter jurisdiction to consider a claim that it does.  *Klayman*, 2013 U.S. App. LEXIS 10148 at *2.

In *Klayman*, the plaintiff filed an action seeking, among other relief, to have one district judge issue an injunction against another district judge.  Then Assistant United States Attorney Rudolph Contreras – now Judge Contreras – argued to Judge Leon that he had no authority to issue an order to Judge Kollar-Kotelly:  "This Court lacks jurisdiction to order a District Judge to take judicial action in cases pending before that judge."  Defendants' Memorandum in Support of Motion to Dismiss at 6, *Klayman v. Kollar-Kotelly, et al.*, Case No. 11-1775 (RJL) (D.D.C. Dec. 5, 2011) (ECF No. 11).  Judge Leon agreed.  *Klayman v. Kollar-Kotelly*, 892 F. Supp.2d

---

[6]      On September 3, 2015, the Hon. Reggie B. Walton also raised concerns about the lack of authority by anyone, including the Chief Judge, to order another judge to consolidate these cases.  "But at least from information I've heard I think there may be some reluctance on the part of judges to go along with that because we're so far along in the process and there's so many different cases at different procedural postures that I'm not sure that the judges, because it would have to be a buy in.  I don't know if anyone even the chief judge would have the authority to order us to consolidate the cases, so there'd have to be a buy in on the part of the judges that consolidation would be appropriate."  *See* Transcript of Status Conference, *Judicial Watch, Inc., v. U.S. Dep't of State*, Case No. 12-2034 (D.D.C.) (RBW) (Sept. 3, 2015), attached hereto as Exhibit 4, at 13.

261 (D.D.C. 2012).  So did the appellate court, which summarily affirmed.  *Klayman*, 2013 U.S. App. LEXIS 10148 at *1.  The relief Defendant seeks – that a district judge order 16 other district judges to transfer more than 30 FOIA lawsuits to a single "coordinating judge" – is unwarranted by any existing law.  *See* Fed.R.Civ.P. 11(b)(2).  Nor is it warranted by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.  *Id.*

In addition, Local Civil Rules 40.5(c) and 40.6(a), both of which Defendant cites, also do not provide a legal basis for the relief Defendant seeks.  Both rules make clear that the assignment and transfer processes they establish are effectuated only with the consent of the judges involved.  Again, no district judge can order another district judge to do anything.  Defendant's motion for an indefinite stay should be denied because its "coordination motion" is unlikely to succeed.

## V.     An Indefinite Stay Is Inappropriate.

Notwithstanding Defendant's failure to meet and confer with Plaintiff or the fact that its "coordination motion" is unlikely to succeed, an indefinite stay is still inappropriate.  The records presently at issue are 600 emails sent or received by Mrs. Clinton between January 1, 2013 and January 31, 2013, all of which have already been scanned into a database and are readily capable of being searched electronically.  Search terms are not at issue.  The same terms used to search Mrs. Clinton's January 1, 2011 to December 31, 2012 emails can be applied to the remaining 600 emails from January 1, 2013 to January 31, 2013.  Moreover, Defendant has already admitted the need to prioritize the search of Mrs. Clinton's emails relating to the

Benghazi attack in light of the great public interest in these records.[7]  An indefinite stay to search

one month's worth of emails about a matter of substantial public interest is unreasonable and

inappropriate.  It also would bring to a halt the progress already being made towards a final

resolution of Plaintiff's claims.

In addition to the search of the 600 emails, another issue that remains is whether

additional federal records exist that are potentially responsive to Request No. 1 and, if so, where

those records are likely to be located and what steps Defendant must undertake to ensure that

they are preserved, searched, reviewed, and produced to Plaintiff in response to Request No. 1.

Any such records undoubtedly include all emails sent or received by Mrs. Clinton using the

"clintonemail.com" email server regardless of whether Mrs. Clinton or her attorneys

subsequently claimed that these emails are "personal."  *See, e.g.*, Transcript of Status

Conference, *Judicial Watch, Inc. v. State Dep't.*, Case No. 13-1363 (D.D.C.) (EGS) (Aug. 20,

2015), attached as Exhibit 5, at 20 "(If any e-mails pertaining to official government business are

found in the 30,000, quote, unquote, personal e-mails through the FBI, DOJ search, will those

documents be returned to State?  I guess that would be the second part of that directive.  I think

the State Department should ask they be returned."); *see also* 26 C.F.R. § 1222.12(a) ("*agencies*

must distinguish between records and nonrecord material by applying the definition of records . .

. to any agency documentary material in all formats and media") (emphasis added); 26 C.F.R. §

1222.10(b)(6) (determining which materials are "[a]ppropriate for preservation" as evidence of

---

[7]      State Department Office of Information Programs and Services Director John F. Hackett testified by declaration in other FOIA litigation that "[i]n the weeks following the Department's receipt of the emails from Secretary Clinton, the Department conducted a separate manual review of a date-limited portion of the 55,000 pages to locate any that were responsive to requests of the House Select Committee on Benghazi.  As a result of that manual review, the Department located and produced to the House Select Committee 296 emails composed of approximately 850 pages.  In light of the public interest in those records and the fact that the Department already had identified them within the larger collection, the Department has prioritized the FOIA review of those 296 emails."  *See* Declaration of John F. Hackett, *Jason Leopold v. Dep't of State*, Case No. 15-123 (D.D.C.) (RC) (ECF No. 12-1) (May 18, 2015) at para. 16.

agency activity – and therefore within the definition of a federal record – is a matter entrusted to the "*judgement of the agency*") (emphasis added).  They also may include emails to or from Mrs. Clinton contained in records subsequently provided to the State Department by former State Department officials Huma Abedin, Cheryl Mills, Philippe Reines, and Jacob Sullivan.  *See* Joint Status Report at 7 n.3.

Defendant provides no evidence whatsoever demonstrating that a stay is necessary to address this other, remaining issue.  In fact, Defendant previously asserted that it had no obligation to search the records returned by Ms. Abedin, Ms. Mills, or Mr. Sullivan in order to satisfy its FOIA obligations to Plaintiff.  *See* Joint Status Report at 7 n.3.  ("Defendant maintains that a reasonable search responsive to [] Request No. 1 . . . only requires a search of the Clinton emails.  While it is true that Defendant has agreed to an addition discrete search – specifically, to search any emails that . . . it has received from Ms. Mills, Mr. Sullivan, and Ms. Abedin – it did not do so because it believes the FOIA requires such a search.").  Plaintiff seeks no less and no more than what FOIA requires.  If Defendant now believes it must search these returned records to satisfy its FOIA obligations, Plaintiff is amenable to discussing a reasonable schedule for completion of this task.  But the fact that Defendant would seek an indefinite stay of this litigation so that a coordination judge can be appointed to oversee the completion of a task Defendant denies it has any obligation to undertake demonstrates that Defendant's motion is baseless.

**VI.     Conclusion.**

For the foregoing reasons, Defendant's motion for a stay should be denied.

Dated:  September 11, 2015                          Respectfully submitted,

                                                    JUDICIAL WATCH, INC.

                                                    */s/ Ramona R. Cotca*
                                                    Ramona R. Cotca, D.C.
                                                    Bar No. 501159
                                                    425 Third Street SW, Suite 800
                                                    Washington, DC  20024
                                                    Tel:    (202) 646-5172
                                                    Fax:    (202) 646-5199
                                                    Email:  rcotca@judicialwatch.org

                                                    *Attorneys for Plaintiff*