# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 15-cv-00692 (APM) |
| U.S. DEPARTMENT OF STATE, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

This case concerns a Freedom of Information Act ("FOIA") request for former Secretary of State Hillary Clinton's e-mails related to the September 11, 2012, attack on the U.S. consulate in Benghazi, Libya. Although this matter began with much fanfare, the only remaining dispute is whether Defendant Department of State ("State") conducted an adequate search for records responsive to Plaintiff Judicial Watch, Inc.'s FOIA request. Because Secretary Clinton used a personal e-mail server for work-related communications, Plaintiff's request caused State to look beyond its own e-mail servers for responsive records. State searched three external sources: (1) a cache of approximately 30,000 e-mails turned over to State by Secretary Clinton; (2) documents produced by three of her top aides—Huma Abedin, former Deputy Chief of Staff; Cheryl Mills, former Chief of Staff; and Jacob Sullivan, former Director of Policy Planning; and (3) the collection of e-mails recovered by the Federal Bureau of Investigation ("FBI") during its investigation of Secretary Clinton's use of a personal e-mail server. Plaintiff asserts that State's search was deficient in two respects. First, Plaintiff contends that State should have searched the

official "state.gov" e-mail accounts of Abedin, Mills, and Sullivan to identify responsive records. Second, Plaintiff maintains that State also was required to search e-mails that the FBI discovered in the fall of 2016 during an unrelated investigation of Abedin's husband, Anthony Weiner. State, for its part, defends the adequacy of its searches and rejects Plaintiff's assertion that additional searches are likely to unearth more responsive e-mails.

This matter is before the court on the parties' cross-motions for summary judgment. The court finds that State's search was inadequate insofar as it did not search the official state.gov e-mail accounts of Secretary Clinton's three aides, and orders State to conduct a supplemental search of those accounts. With respect to the e-mails more recently discovered by the FBI, State has agreed to search those records in another case pending in this District; therefore, the court will defer its ruling as to Plaintiff's second challenge until State's search of those records is complete. Accordingly, the court grants the parties' motions in part and denies them in part.

## II.   BACKGROUND

On March 4, 2015, Plaintiff Judicial Watch submitted a FOIA request to State, seeking:

> Any and all e-mails of former Secretary of State Hillary Rodham Secretary Clinton concerning, regarding, or relating to the September 11, 2012 attack on the U.S. Consulate in Benghazi, Libya.
>
> The timeframe for this request is September 11, 2012 to January 31, 2013.

Def.'s Mot. for Summ. J., ECF No. 40 [hereinafter Def.'s Mot.], Def.'s Stmt. of Material Facts, ECF No. 40-3 [hereinafter Def.'s Stmt.], ¶ 1; Pl.'s Cross-Mot. for Summ. J., ECF No. 43, at 16–23 [hereinafter Pl.'s Resp.], ¶ 1.[1]  Plaintiff sought the documents as part of its investigation into

---

[1] Plaintiff's Cross-Motion for Summary Judgment contains three documents: its Cross-Motion for Summary Judgment, its Response to Defendant's Statement of Material Facts, and its Statement of Material Facts. The court cites each document individually.

the Benghazi attack and the federal government's public response. Pl.'s Cross-Mot. for Summ. J., ECF No. 43, at 23–31 [hereinafter Pl.'s Stmt.], ¶ 5.[2] After State did not respond to Plaintiff's request within the statutorily-mandated period, Plaintiff filed this action. Compl., ECF No. 1. Thereafter, the parties agreed to a schedule by which State would produce the requested e-mails. Joint Status Report, July 15, 2015, ECF No. 10.

Secretary Clinton's use of a personal e-mail server to send and receive work-related communications prevented recovery of the requested material from State's own servers. State instead searched three sets of records that it received from other sources. First, it searched a collection of approximately 30,000 e-mails Secretary Clinton provided to State in December 2014 in response to its request for any federal records that she had in her possession. Def.'s Stmt. ¶¶ 20–21; Pl.'s Resp. ¶¶ 20–21; Stein Decl. ¶ 14 & n.2. This search yielded 342 responsive documents, of which State released 125 in full and 217 in part to Plaintiff. Def.'s Stmt. ¶¶ 27, 29–30; Pl.'s Resp. ¶¶ 27, 29–30. Second, State searched documents it received from three of Secretary Clinton's top aides: Huma Abedin, former Deputy Chief of Staff; Cheryl Mills, former Chief of Staff; and Jacob Sullivan, former Director of Policy Planning. Def.'s Stmt. ¶¶ 7, 22; Pl.'s Resp. ¶¶ 7, 22; Stein Decl. ¶ 14 & nn. 3–5. State had asked these individuals to turn over any e-mails or other records concerning official government business sent or received on a personal e-mail account while serving in their official capacities with State. Def.'s Mot., Decl. of Eric F. Stein, ECF No. 40-4 [hereinafter Stein Decl.], ¶ 14 nn. 3–5. This search yielded one additional responsive document, which State released in part. Def.'s Stmt. ¶ 32; Pl.'s Resp. ¶ 32. Third,

---

[2] On March 9, 2015, Plaintiff submitted a second FOIA request to State seeking all communications between State officials, officers, or employees and members of Congress and congressional staff related to the use of non-state.gov e-mail addresses by Secretary Clinton from "June 1, 2014 to the present." Answer, ECF No. 6, Ex. 2, ECF No. 6-2. Plaintiff does not challenge State's response to that request, *see* Pl.'s Cross-Mot. for Summ. J., ECF No. 43 [hereinafter Pl.'s Mot.], at 5 n.1, so the court grants Defendant's Motion for Summary Judgment with respect to that request.

State searched the collection of e-mails that the FBI recovered during its investigation of Secretary Clinton's use of a personal e-mail server. Def.'s Stmt. ¶¶ 33–34; Pl.'s Resp. ¶¶ 33–34; Second Stein Decl. ¶¶ 5–6. This search yielded three additional responsive documents, which State released in part. Def.'s Stmt. ¶¶ 9, 36; Pl.'s Resp. ¶¶ 9, 36. In total, State provided 348 documents to Plaintiff, producing 125 in full and 223 in part. Def.'s Stmt. ¶¶ 27, 29–30, 32, 36; Pl.'s Resp. ¶¶ 27, 29–30, 32, 36.[3]

## III. LEGAL STANDARD

Most FOIA cases are appropriately resolved on motions for summary judgment. *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). A court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if a reasonable fact-finder could find for the nonmoving party, and a fact is "material" only if it is capable of affecting the outcome of litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Unlike the review of other agency action that must be upheld if supported by substantial evidence and not arbitrary or capricious, the FOIA expressly places the burden 'on the agency to sustain its action' and directs the district courts to 'determine the matter de novo.'" *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 755 (1989) (quoting 5 U.S.C. § 552(a)(4)(B)).

---

[3] State moves for summary judgment as to its withholdings. With one exception, Plaintiff did not contest those withholdings and, therefore, the court grants summary judgment in favor of State on those matters. As to the one exception, Plaintiff initially challenged State's invocation of the deliberative process privilege under Exemption 5 to withhold a single e-mail communication between Secretary Clinton and Jacob Sullivan, which concerned Ambassador Susan Rice's statements to the media following the Benghazi attack. *See* Pl.'s Mot. at 10–14. That challenge, however, is now moot. Joint Status Report, Aug. 1, 2017, ECF No. 47, at 2. State disclosed the e-mail at issue to the Select Committee on Benghazi, and although State asked the Committee not to publicly release the e-mail's contents, the Committee nevertheless quoted the e-mail in full in its final report. *Id.* Although State maintains that the Committee's disclosure does not constitute a waiver of its right to assert Exemption 5, "in an exercise of its discretion," State released the e-mail in full to Plaintiff. *Id.* Accordingly, the parties agree that no dispute remains over the challenged withholding. *Id.*

A court may grant summary judgment in a FOIA case based solely on the information provided in an agency's supporting affidavits or declarations if those affidavits or declarations are "relatively detailed and non-conclusory." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted). The agency's affidavits or declarations must "describe the documents and the justifications for nondisclosure with reasonably specific detail [and] demonstrate that the information withheld logically falls within the claimed exemption." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Further, they must not be "controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Id*. Agency affidavits are entitled to a "presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs.*, 926 F.2d at 1200 (quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981)). "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears logical or plausible." *Judicial Watch, Inc. v. U.S. Dep't of Def.*, 715 F.3d 937, 941 (D.C. Cir. 2013) (internal quotation marks omitted).

## IV. DISCUSSION

The sole remaining dispute in this case is the adequacy of State's search for responsive records. Plaintiff contends that State's search was inadequate because State neglected to search the official state.gov e-mail accounts of Huma Abedin, Cheryl Mills, and Jacob Sullivan. Pl.'s Cross-Mot. for Summ. J., ECF No. 43 [hereinafter Pl.'s Mot.], at 7–9. Further, Plaintiff maintains that State must search the e-mails that the FBI recovered last fall during an unrelated investigation. *Id.* at 10. State counters that it is not required to search either the former officials' e-mail accounts or the newly discovered records because, in its view, searching these other sources is unlikely to uncover additional documents. Def.'s Reply, ECF No. 44 [hereinafter Def.'s Reply], at 3–6. In

5

support of its position, State notes that the two searches it ran following its search of approximately 30,000 e-mails provided by Secretary Clinton yielded only four additional documents. *Id.* at 5. Thus, State submits, conducting additional searches is likely to be unfruitful. *Id.*

### A. Records from the State.gov Accounts of Abedin, Mills, and Sullivan

FOIA requires an agency to conduct a search for responsive records that is "reasonably calculated to discover the requested documents." *SafeCard Servs.*, 926 F.2d at 1201. This standard does not, however, evaluate the adequacy of a search by its results. Rather, "the adequacy of a search is 'determined . . . by the appropriateness of [its] methods.'" *Hodge v. FBI*, 703 F.3d 575, 579 (D.C. Cir. 2013) (quoting *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003)). The adequacy-of-search inquiry, therefore, is fact-dependent and governed by a standard of reasonableness. *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). To demonstrate that it carried out an adequate search, the agency must show that it "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Although an agency need not move heaven and earth to uncover every conceivable responsive record, it cannot conclude its search "if there are additional sources that are likely to turn up the information requested." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (internal quotation marks omitted). Ultimately, an agency has complied with FOIA "if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Id.* at 325–26 (internal quotation marks omitted).

In the run-of-the-mill FOIA case, an agency faced with a request should be able, with a high degree of confidence, to locate responsive materials by searching its own records systems. Upon receipt of a FOIA request, an agency will determine which of its records systems are likely

6

to contain responsive records, formulate a strategy for how best to identify such records from within each relevant record system, and then search and collect the responsive materials.

But this matter is a far cry from a typical FOIA case. Secretary Clinton used a private e-mail server, located in her home, to transmit and receive work-related communications during her tenure as Secretary of State. Pl.'s Stmt. ¶¶ 12–13; Def.'s Reply, Def.'s Resp. to Pl.'s Stmt. of Material Facts, ECF No. 44-1, at 6–7 [hereinafter Def.'s Resp.], ¶¶ 12–13. As a result, State servers did not capture and store all of the Secretary's e-mails. True, communications between Secretary Clinton and someone using a state.gov e-mail account would have passed through and presumably been saved on a State server. However, if an e-mail did not involve any state.gov user, the message would have passed through only the Secretary's private server and, therefore, would be beyond the immediate reach of State. Because of this circumstance, unlike the ordinary case, State could not look solely to its own records systems to adequately respond to Plaintiff's demand. Rather, it had to, and did, look to other sources for the requested information.

Although State expanded its search beyond its own records system to include review of records from certain non-State-controlled sources, FOIA requires it to do more. It is true, as State asserts, that an agency may halt its search "if additional searches are unlikely to produce any marginal return," *Campbell v. DOJ*, 164 F.3d 20, 28 (D.C. Cir. 1998), and a search is not unreasonable simply because it fails to produce all relevant records, *Meeropol v. Meese*, 790 F.2d 942, 952–53 (D.C. Cir. 1986). Yet, an agency "cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Oglesby*, 920 F.2d at 68. To date, State has searched only data compilations originating from outside sources—Secretary Clinton, her former aides, and the FBI. *See* Stein Decl. ¶ 14; Def.'s Mot., Decl. of Eric F. Stein Re: FBI Invest., ECF No. 40-5 [hereinafter Second Stein Decl.], ¶ 5. It has not, however, searched

7

the one records system over which it has always had control and that is almost certain to contain some responsive records: the state.gov e-mail server. If Secretary Clinton sent an e-mail about Benghazi to Abedin, Mills, or Sullivan at his or her state.gov e-mail address, or if one of them sent an e-mail to Secretary Clinton using his or her state.gov account, then State's server presumably would have captured and stored such an e-mail. Therefore, State has an obligation to search its own server for responsive records. *See Oglesby*, 920 F.2d at 68.

Admittedly, in light of State's efforts to date, there is a reasonable probability that the only responsive e-mails stored on State's server are duplicates of e-mails originating from the three outside sources and, thus, have already been produced to Plaintiff. State is under no obligation to produce duplicates, and Plaintiff does not contend otherwise. *See Competitive Enter. Inst. v. Office of Sci. & Tech. Policy*, No. 14-765, 2017 WL 978971, at * 6 (D.D.C. Mar. 12, 2017) (citing cases). Yet, State has offered no assurance that the three record compilations it received, taken together, constitute the entirety of Secretary Clinton's e-mails during the time period relevant to Plaintiff's FOIA Request. Absent such assurance, the court is unconvinced "beyond material doubt" that a search of the state.gov accounts of Abedin, Mills, and Sullivan is "unlikely to produce any marginal return."

State's remaining argument does not change the court's conclusion. State contends that finding its search is inadequate in this case will create an unworkable standard in future FOIA cases. Def.'s Reply at 5 n.3. According to State, requiring it to search Secretary Clinton's former aides' work accounts will force agencies faced with a future FOIA request for an official's e-mails to complete the unduly burdensome task of "search[ing] the e-mail accounts of other officials who likely communicated with the subject official." *Id.* (quoting Pl.'s Mot. at 8). State's concern, however, overstates the consequence of the court's ruling. The court's decision in this case is

premised on a specific fact pattern unlikely to arise in the future: the federal records relevant to Plaintiff's request have come from diffuse sources outside the agency's traditional record-keeping systems. In the ordinary FOIA case, by contrast, government-controlled servers will contain the relevant universe of responsive e-mails, thereby allowing agencies to formulate tailored searches, using keywords and date restrictions, and targeting specific document custodians. Thus, in the ordinary case, there simply would be no need, as State suggests, to search the e-mail account of every official who happens to be on an e-mail. Thus, the court's ruling does not create an unworkable and burdensome search obligation, as State claims.

Accordingly, the court finds that State has not met its burden of establishing it performed an adequate search in response to Plaintiff's FOIA Request and orders State to conduct a supplemental search of the state.gov e-mail accounts of Abedin, Mills, and Sullivan.

### B. E-mails Discovered During Unrelated FBI Investigation

The court declines, at this time, to order State to search the e-mails that the FBI recovered last fall during an unrelated investigation. *See* Pl.'s Mot. at 10. The court understands that State has now received the e-mails in question and is in the process of producing them to Plaintiff in parallel, ongoing litigation in this District. *See* Notice of Agreement, *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 15-cv-00687 (D.D.C. August 7, 2017), ECF No. 45 (representing that State received these records for review and will process and produce them in ongoing litigation before Chief Judge Howell); Joint Status Report, *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 15-cv-00684 (D.D.C. July 31, 2017), ECF No. 23 (representing that State received records and noting that the parties plan to propose a production schedule no later than October 6, 2017). Accordingly,

the court sees no need to rule on a search issue that might become moot in the near future and defers making any judgment until the related search comes to a close.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the court grants State's Motion for Summary Judgment with regard to all withholdings, but denies its Motion with regard to the adequacy of the search. Plaintiff's Motion for Summary Judgment is granted insofar as the court orders State to search the state.gov e-mail accounts of Huma Abedin, Cheryl Mills, and Jacob Sullivan for records responsive to Plaintiff's March 4, 2015, FOIA request.

The court will retain jurisdiction over this matter. On or before September 22, 2017, the parties shall submit a Joint Status Report that updates the court on (1) State's search of the state.gov e-mail accounts of Abedin, Mills, and Sullivan, and (2) State's review and production of the e-mails it recently received from the FBI. If any dispute remains regarding State's compliance with its obligations under FOIA, the parties shall propose a briefing schedule.

Dated: August 8, 2017

Amit P. Mehta
United States District Judge